**UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Wi-Fi Fairway LLC,<br><br>Plaintiff,<br><br>v.<br><br>The Cincinnati Insurance Companies,<br><br>Defendant. | Case No. 22-5050<br><br>Removed from the Circuit Court of Cook County, Illinois<br><br>Case No. 2022-L-003274 |

**NOTICE OF REMOVAL**

Defendant, THE CINCINNATI INSURANCE COMPANY ("Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-captioned action, pending in the Circuit Court of Cook County, Law Division as Case No. 2022-L-003274 to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is based upon 28 U.S.C. § 1332. As grounds for removal, Defendant states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as it is an action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441[1] and 1446.

2. Plaintiff Wi-Fi Fairway LLC ("Plaintiff") filed a complaint in the Circuit Court of Cook County, Illinois in Case No. 2022-L-003274 styled *Wi-Fi Fairway LLC v. The Cincinnati Insurance Companies* (the "State Court Case").

[1] 28 U.S.C. §1441(b) provides that suits that do not arise under federal law are removable if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such actions is brought.

3.     "The Cincinnati Insurance Companies, Inc." does not exist. "The Cincinnati Insurance Companies" is a trade name that applies to a group of business entities, but it has no corporate existence and is not a party to the insurance contract on which Plaintiff filed suit. It appears that Plaintiff has mistakenly named this non-entity as a defendant instead of naming "The Cincinnati Insurance Company." The parties to the relevant insurance policy are Plaintiff and The Cincinnati Insurance Company. Although Plaintiff failed to identify the correct defendant, Defendant is filing this Notice of Removal in order to expedite the resolution of this matter. See *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996) (holding that misnomer occurs where a plaintiff brings an actions and serves summons upon the party intended to be made the defendant, thus there was actual notice, but incorrectly refers to the person or entity); *see also* 735 ILCS 5/2-401(b).

4.     Plaintiff is seeking compensatory relief related to insurance coverage for alleged property damage under a policy of insurance issued to it by The Cincinnati Insurance Company (the "Policy"). A true copy of the State Court Case Complaint with all other filings served on Defendant are attached hereto as **Exhibit 1**.

5.     Plaintiff seeks insurance coverage for alleged damage to a real property commonly known as 8707 Skokie Boulevard, Illinois 60076 (the "Property") as a result of a hailstorm that occurred in the Chicago metropolitan area on April 7, 2020.

6.     Plaintiff asserts that the value of the covered loss for the Property is $304,857.65. Plaintiff also asserts a claim under Illinois Insurance Code Section 155 (735 ILCS 5/155) seeking statutory damages of up to $60,000 and attorney fees. This dispute involves claims for damages in excess of $75,000.

7.     There is complete diversity of citizenship among the parties.

8.      A corporation is deemed to be a citizen of both the state of its incorporation and the place where it maintains its principal place of business. 28 U.S.C. §1332(c)(1).

9.      "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

10.     Plaintiff is an Illinois limited liability company with its principal place of business in Skokie, Illinois. Plaintiff's sole member is Issac J. Weiss, a citizen of Illinois. Plaintiff is a citizen of Illinois.

11.     Defendant is an Ohio corporation headquartered in Fairfield, Ohio. It is a citizen of Ohio.

12.     Neither Plaintiff nor any of its members are citizens of Ohio.

13.     Pursuant to 28 U.S.C § 1332, the District Courts have jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

14.     This matter is properly removed pursuant to 28 U.S.C. § 1441, which permits removal of cases to federal court based on diversity of citizenship.

15.     Plaintiff provided the Complaint and Alias Summons to the Illinois Department of Insurance on August 19, 2022.

16.     In turn, the Illinois Department of Insurance transmitted a letter dated August 23, 2022 enclosing a copy of the Complaint and Alias Summons to Defendant via certified mail. Defendant received the Complaint and Alias Summons from the Illinois Department of Insurance on August 26, 2022.

17.     This notice is timely because it is filed within 30 days of service of the Complaint. *See* 28 U.S.C. §1446(b).

18.     This Court is situated in the district and division serving the location of the action pursuant to 28 U.S.C. §1446(a).

19.     Defendant will also file its "Notice of Filing of Notice of Removal" with the Circuit Court of Cook County, Law Division, and then serve a copy upon Plaintiff's counsel pursuant to 28 U.S.C. §1446(a) and (d).

WHEREFORE, this action should proceed in the United States District Court for the Northern District of Illinois, Eastern Division, as an action properly removed thereto.

Dated: September 16, 2022                    Respectfully submitted,

By: */s/ Laurence J.W. Tooth*
One of the Attorneys for Defendant,
THE CINCINNATI INSURANCE COMPANY

Laurence J.W. Tooth
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
Phone: (312) 781-6663
Fax: (312) 781-6630
Tooth@LitchfieldCavo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2022, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ira Piltz
Law Offices of Ira Piltz
8170 McCormick Blvd
Suite 116
Skokie, Illinois 60076
*Counsel for Plaintiff*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: None.

By: */s/ Laurence J.W. Tooth*

# Illinois Department of Insurance

JB PRITZKER
Governor

DANA POPISH SEVERINGHAUS
Director

August 23, 2022

Cincinnati Insurance Company
PO Box 145496
Cincinnati, OH 45250-5496

Re: Case #2022L003274

Gentlemen:

Enclosed please find copy of Summons and Complaint received by me as your agent for service of process on August 19, 2022, in my Springfield office in the case of Wi Fi Fairway LLC vs you company

Sincerely,

Dana Popish Severinghaus
Director of Insurance

DPS:MS:alt
Enclosure

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

**Springfield Office**
320 W. Washington Street
Springfield, Illinois 62767
(217) 782-4515

**Chicago Office**
122 S. Michigan Ave., 19th Floor
Chicago, Illinois 60603
(312) 814-2420

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, T

FILED
8/16/2022 10:36 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003274
Calendar, T
19099799

FILED DATE: 8/16/2022 10:36 AM 2022L003274

**2120 - Served** **2121 - Served**
**2220 - Not Served** **2221 - Not Served**
**2320 - Served By Mail** **2321 - Served By Mail**
**2420 - Served By Publication** **2421 - Served By Publication**
**Summons - Alias Summons** **(08/01/18) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Wi-Fi Fairway LLC,

(Name all parties)

v.

The Cincinnati Insurance Companies

Case No. 2022L003274

☐ **SUMMONS** ☑ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons,** not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

FILED DATE: 8/16/2022 10:36 AM 2022L003274

**Summons - Alias Summons** (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: 56280

Atty Name: Alon Stein/Stein Law Office

Atty. for: Plaintiff

Address: 5 Revere Drive, Suite 200

City: Northbrook

State: IL Zip: 60062

Telephone: 847-571-1805

Primary Email: astein@law-stein.com

Witness: 8/16/2022 10:36 AM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: ____________
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 8/16/2022 10:36 AM 2022L003274

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

FILED DATE: 8/16/2022 10:36 AM 2022L003274

Legal Name: THE CINCINNATI INSURANCE COMPANY

Company Type: P&C Foreign Stock

Domicile: Fairfield, Ohio

Parent Company:

Status: Active

FEIN: 31-0542366

NAIC Code: 244 10677

Incorporated Date: 8/2/1950

Accident & Health Expense Information | Select an available filing period

Addresses

| Administrative Mailing | Corporate Home |
| --- | --- |
| PO Box 145496<br>Cincinnati, OH 45250 5496 | 6200 South Gilmore Road<br>Fairfield, OH 45014 5141 |

Phone Numbers

| Business |
| --- |
| (513) 870-2000 |

<-- Back to Search Results

All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 6/7/2022 9:00 AM

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

FILED
4/7/2022 4:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003274

FILED DATE: 4/7/2022 4:16 PM 2022L003274

| | | |
|---|---|---|
| Wi-Fi Fairway LLC, Plaintiff | ) | Case No. ______________ |
| | ) | Amount Claimed: $304,859.65 plus damages, costs, fees and attorney's fees. |
| v. | ) | |
| | ) | Calendar: ________ |
| The Cincinnati Insurance Companies | ) | |
| Defendants. | ) | Return Date: ________________ |

**VERIFIED COMPLAINT AT LAW**

NOW COMES Plaintiff WiFi Fairway, LLC., ("WiFI") an Illinois Limited Liability Corporation in good standing, and complains at law against Defendant, The Cincinnati Insurance Companies, ("CIG") an insurance carrier licensed to provide insurance coverage in the State of Illinois, stating in support thereof as follows:

**FACTS COMMON TO ALL COUNTS**

A. On April 7, 2020, the Chicago Metropolitan Area suffered a hail storm which caused severe damage to various real properties in and around the Chicago Area.

B. At the time of this event, WiFi owned and operated real property commonly known as 8707 Skokie Blvd, Skokie, IL 60076 (the "Fairway Property"). This property is located in the County of Cook and State of Illinois.

C. At the time of this event CIG provided insurance coverage to the Plaintiff for covered losses against the Fairway Property through the issuance of an insurance policy for the benefit of WiFi.

D. After the occurrences of April 7, 2020, WiFi filed a claim with CIG for losses incurred as a result of the April 7, 2020 hail storm.

E. CIG promptly investigated the claim and determined that there was a loss covered by the CIG insurance policy.

F. However, a dispute arose between WiFi and CIG as to the amount of the loss and the amount CIG would be obligated to pay as a result of the aforementioned loss after a second review was conducted by CIG on the basis of the fact that they did not want to accept the findings of their first review; said review having been conducted by an adjuster retained and chosen by CIG.

G. As a result of the said dispute, a public adjuster was engaged to assist WiFi with this claim and has, as of the date of this filing, not been able to resolve this claim in a matter agreeable to WiFi and CIG.

**COUNT I: BREACH OF CONTRACT**

1. At all times relevant, WiFi contracted with CIG for insurance on the Fairway Property for insurance coverage through a policy of insurance, thus constituting a contract between the parties for CIG to provide insurance subject to the terms of the policy.

FILED DATE: 4/7/2022 4:16 PM 2022L003274

2. At all times relevant, CIG does not dispute the fact that there is an insurable loss requiring payment to WiFi.

3. Nonetheless, in spite of its contractual duty, CIG chose to conduct itself in a matter designed to save themselves the payment of a large claim, thus breaching their contractual duty to WiFi to pay for actual covered damages.

4. At all times relevant, CIG was provided with documentation showing the covered loss totaling $304,857.65.

5. At all times relevant, CIG claims the insured loss to only total $8,900.20 based upon an RCV of $20,007.84; this figure notwithstanding their initial review of the matter.

6. At all times relevant to this complaint, Plaintiff performed all conditions precedent as required by Defendant.

7. At this time, Plaintiff is owed a balance of $304,857.65.

WHEREFORE, Plaintiff WIFI FAIRWAY, LLC prays that this Honorable Court enters judgement against Defendant THE CINCINNATI INSURANCE COMPANIES in the amount of $304,857.65, plus fees, costs, attorney's fees and any other relief that this Honorable Court deems necessary and proper.

**COUNT II: ACCOUNT STATED**

1-7. Plaintiff adopts and incorporates by reference herein Paragraphs 1 through 7 of Count I as stated above as Paragraphs 1 through 7 of Count II herein.

8. The foregoing allegations establish an account stated for the benefit of Plaintiff in the amount of $304,857.65.

WHEREFORE, Plaintiff WIFI FAIRWAY, LLC prays that this Honorable Court enters judgement against Defendant THE CINCINNATI INSURANCE COMPANIES in the amount of $304,857.65, plus fees, costs, attorney's fees and any other relief that this Honorable Court deems necessary and proper.

**COUNT III: BAD FAITH DENIAL OF CLAIM**

1-7: Plaintiff adopts and incorporates by reference herein Paragraphs 1 through 11 of Count I as stated above as Paragraphs 1 through 8 of Count II herein

8. Under Section 155 of the Illinois Insurance Code, an insured or an assignee may recover damages from an insurer if the insurer disputes the amount of the loss payable on a claim, delays settling a claim, or refuses to provide coverage and the insurer's action or delay was unreasonable and vexatious. (215 ILCS 5/155).

9. In this matter, WiFi, both through its efforts and through the efforts of its public adjuster, presented CIG with proof of nature of the claim and its actual value.

10. In seeking to pay only $8,900.20 on a claim with a loss in excess of $300,000, the conduct of CIG is both vexatious and unreasonable. Their attitude in this matter makes this claim actionable under 215 ILCS 5/155.

FILED DATE: 4/7/2022 4:16 PM 2022L003274

11. Further, CIG's inaction in seeking a resolution of this claim, with the hopes for the tolling of a statute of limitations, constitutes an unreasonable delay. The fact that the bringing of this suit is necessary to recover damages makes this matter actionable under 2015 ILCS 5/155.

12. CIG's failure to address the vast differential in the amount it claims as a covered loss in its current position (notwithstanding their initial position) also belies their duty to conduct themselves in good faith and deal fairly also makes this claim actionable under 215 ILCS 5/155.

WHEREFORE, Plaintiff WIFI FAIRWAY, LLC pray that this Honorable Court enter judgment against THE CINCINNATI INSURANCE COMPANIES in in the amount of $304,857.65, plus fees, costs, attorney's fees, and the greater of:

a. 25% of the amount which the trier of fact finds the party is entitled to recover under the policy, exclusive of costs;
b. $60,000, or:
c. the excess of the amount which the trier of fact finds the insured is entitled to recover, exclusive of costs, over the amount, if any, which the insurer offered to pay in settlement of the claim before the action

in addition to any other relief that this Honorable Court deems necessary and proper.

RESEPECTFULLY SUBMITTED:

s/Ira Piltz
WIFI FAIRWAY, LLC.
By one of its attorneys

Law Offices of Ira Piltz
Attorney for Plaintiff
8170 McCormick Blvd, Suite 116
Skokie, IL 60076
(847) 674-3500
Attorney No. 39607

FILED DATE: 4/7/2022 4:16 PM 2022L003274

**VERIFICATION BY CERTIFICATION**

Under penalty of perjury and pursuant to the provisions of Section 1-106 of the Illinois Code of Civil Procedure, I, NICHOLAS SPANIER, an authorized representative of WIFI FAIRWAY, LLC., certify that that I have reviewed the foregoing allegations contained in this Verified Complaint at Law and find these allegations to be true and correct to the best of my information and belief.

S/Nicholas Spanier
NICHOLAS SPANIER

Dated: April 7, 2022

CERTIFIED MAIL™

**Illinois Department of Insurance**
320 West Washington Street
Springfield, Illinois 62767

9214 7969 0099 9790 1644 3132 42

FIRST-CLASS MAIL
neopost
08/23/2022
US POSTAGE $007.82

ZIP 62767
041L12204594

Cincinnati Insurance Company
PO Box 145496
Cincinnati, OH 45250-5496



Responsibly Sourced Paper

Reorder Form LCD-811R rev. 05/15

Code2: 2(

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE